UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>ALEX WILLIAM ARRINGTON,<br><br>       Defendant. | Case No. 1:25-cr-00007-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Alexander Arrington's Motion for Return of Property (Dkt. 62). Mr. Arrington moves under Federal Rule of Criminal Procedure 41(g) for the return of various personal items seized by law enforcement pursuant to a search warrant in August 2024. Specifically, Mr. Arrington seeks return of (1) a leather vest associated with the Rock Machine Motorcycle Club; (2) a wallet with his driver's license and bank cards; (3) a black Samsung cellphone with three cords and a charger; and (4) an RCA tablet. For the reasons explained below, the Court will grant the Motion.

# BACKGROUND

Mr. Arrington pled guilty to one count of Unlawful Possession of a Firearm. Following a contentious hearing, the Court sentenced him to 42 months in prison.

ORDER - 1

One area of dispute at the concerned Mr. Arrington's possession of several firearms found in the bedroom where he stayed. The Court concluded that he constructively possessed those weapons because many of his personal items were also found in the bedroom, including clothing from the Rock Machine Motorcycle Gang. Mr. Arrington did not contest ownership of those personal items, and none of the property implicated in the current Motion was found in the bedroom. Mr. Arrington is currently appealing his sentence.

Mr. Arrington now seeks the return of personal property seized pursuant to a search warrant prior to his indictment. The Government argues that this Court lacks jurisdiction due to the pending appeal, and that the property is still potentially needed as evidence.

## ANALYSIS

The Court first considers whether Mr. Arrington's appeal stripped this Court of jurisdiction over the present dispute.

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat'l Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). This rule, however, is not absolute. For example, district courts may take actions necessary to preserve the status quo during the pendency of the appeal. *Id.* District courts also retain jurisdiction over matters distinct from the appeal, such as motions for attorneys' fees. *Masalosalo v.*

ORDER - 2

*Stonewall Ins. Co.*, 718 F.2d 955, 956-57 (9th Cir. 1983).

Mr. Arrington's appeal challenges the propriety of his sentence. None of the property at issue here impacted the Court's sentencing decision. Most importantly, the property that Mr. Arrington wants back was not found in the bedroom, so it had nothing to do with the constructive possession issue. Further, Mr. Arrington did not dispute possession of the personal items found in the bedroom; he merely argued that they did not suffice to establish constructive possession. Because the present motion is entirely distinct from the appellate issues, there is no potential to cause confusion or waste judicial resources. *See Nat'l Res. Def. Council, Inc.*, 242 F.3d at 1166. Rather, this situation resembles a motion for attorneys' fees, where the district court's exercise of jurisdiction during the pendency of the appeal actually functions to avoid delay and duplication. *See Masalosalo*, 718 F.2d at 957.

Having established jurisdiction, the Court turns to the Rule 41(g) analysis. Rule 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." During the pendency of criminal proceedings, either an investigation or trial, the movant has the burden of proving that the seizure was illegal and that he is entitled to lawful possession. *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). That burden flips after the proceedings conclude because the property in question is typically no longer needed for evidentiary purposes. *Id.* At that point, a Rule 41(g) motion "should

ORDER - 3

presumptively be granted," but the Government can rebut the presumption "by showing a continued need for the property that is reasonable under all of the circumstances." *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir. 2013).

The Government has not shown a continued need for the property. As explained above, the property is not needed for evidence, even if Mr. Arrington succeeds on appeal, because the items were not found in the bedroom, and he never disputed ownership. The Government has not provided any other reason why it still needs the property. In the absence of a justification for the Government's continued possession, the items must be returned to Mr. Arrington.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Return of Property (Dkt. 62) is **GRANTED**.

DATED: March 5, 2026

B. Lynn Winmill
U.S. District Court Judge